UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Aug 12, 2020

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| MCBRIDE, DONNIE L. SR., | ) | Case No. 20-10508-R |
| | ) | Chapter 7 |
| Debtor. | ) | |

| | | |
|---|---|---|
| DOERNER, SAUNDERS, DANIEL & ANDERSON, LLP, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Adv. No. 20-1030-R |
| DONNIE L. MCBRIDE, SR., | ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION TO DISMISS

Before the Court is the Response to 727 Complaint and Motion to Dismiss Complaint (Adv. Doc. 5) ("Motion to Dismiss") filed by Defendant Donnie L. McBride, Sr. ("McBride"), on July 14, 2020, and the Response in Opposition to Defendant Donnie L. McBride, Sr.'s Response to 727 Complain and Motion to Dismiss Complaint (Adv. Doc. 6) filed by Plaintiff Doerner, Saunders, Daniel & Anderson, LLP ("DSDA") on July 24, 2020.

**Jurisdiction**

The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), and 157(b)(1) and (2)(J), and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

**Motion to Dismiss Standard**

McBride did not cite any rule under which he seeks dismissal of this adversary proceeding, but the Court deems his motion as one under Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7012(b)). Rule 12(b)(6) allows dismissal of a complaint at the pleading stage if it fails "to state a claim upon which relief can be granted." Id.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure (made applicable to adversary proceedings by Bankruptcy Rule 7008), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235-36 (10th Cir. 2013).

**Discussion**

In its Complaint to Discharge of Specific Debt and Complaint to Discharge ("Complaint"), DSDA alleges that McBride is ineligible for a discharge (1) under 11 U.S.C. § 727(a)(4) because he "uttered false oaths in his Statement of Financial Affairs" and/or (2) under 11 U.S.C. § 727(a)(3) because he "failed to keep or preserve accurate

recorded information from which his financial condition or business transactions might be ascertained." Complaint at 1.

Section 727(a)(4) provides, in pertinent part, that a debtor's discharge may be denied if "the debtor knowingly and fraudulently, in or in connection with the case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). In support of its claim under Section 727(a)(4), DSDA alleges the following facts:

> The Debtor commenced this Chapter 7 Case on March 23, 2020. His Statement of Financial Affairs alleges wages, commissions, bonuses and tips of $12,500.00 in 2018. This figure is inaccurate since his credit union account statements for January, March, April, May and June of that year report deposits in the aggregate sum of $45,676.25 for those five months alone. His income for 2019 and 2020 reported therein is also suspect due [to] that failure for which there is no reasonable explanation.
>
> *****
>
> [Debtor] knew the information he reported in his Statement of Financial Affairs was grossly incorrect and thereby fraudulently stated therein.

Complaint at 2, ¶¶ 1, 3. Taken in the light most favorable to DSDA, the alleged discrepancy between the sum of deposits made into McBride's credit union deposits over five months of 2018 and the significantly lower annual income that McBride reported in his Statement of Financial Affairs creates a reasonable inference that McBride knowingly misstated his income for 2018 in connection with his bankruptcy case. Thus, the Complaint states a claim under Section 727(a)(4)(A).

Section 727(a)(3) provides, in pertinent part, that a debtor's discharge may be denied if –

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and

3

papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3). In addition to the allegations stated above, DSDA also alleges that McBride reported "[h]is non-wage income derived by operating a business for that year [2018] during that same time period . . . as unknown." Complaint at 2, ¶ 2. The Court notes that in his Statement of Financial Affairs, McBride checked two boxes to indicate that he received not only wages, but also non-wage income from operating a business. He reported wage income in the amount of $12,500 but left the space for non-wage income from operating a business blank. Main Case Doc. 1 at 31 of 45. Because McBride's Statement of Financial Affairs is incomplete with respect to income derived from operating his business, one might reasonably infer that McBride failed to keep or preserve adequate books and records from which his "business transactions might be ascertained." 11 U.S.C. § 727(a)(3). "A complaint must allege facts which allow the court to believe that plaintiff has a reasonable likelihood of mustering factual support for the stated claims." Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007). DSDA's allegations and the record in the underlying bankruptcy case justify allowing DSDA to proceed to discovery on the issue of McBride's recordkeeping or lack thereof with respect to his business transactions and income.

**Conclusion**

DSDA's Complaint, although extremely sparse, alleges sufficient facts to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Accordingly, McBride's Motion to Dismiss is denied. Within 14 days of this Order, McBride shall file an answer

4

to the Complaint that complies with Rules 8(b) and (c) of the Federal Rules of Civil Procedure (made applicable herein by Bankruptcy Rule 7008).

**SO ORDERED** this 12th day of August, 2020.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT